IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:06-CR-0013(01) |
| | § | |
| STEPHEN P. MILLER | § | |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS DUPLICITOUS INDICTMENT and
TO DENY ALTERNATIVE MOTION TO STRIKE AND/OR REQUIRE
GOVERNMENT TO ELECT COUNT ON WHICH IT INTENDS TO PRESENT PROOF**

On April 17, 2006, defendant STEPHEN P. MILLER filed the above-entitled motions in this case. On April 25, 2006, the government filed its response in opposition to the motion. The Court conducted a pre-trial hearing on June 13, 2006, and heard oral argument on this motion.

MOTION TO DISMISS DUPLICITOUS INDICTMENT

The one-count superseding indictment in this case charging defendant with Evasion of Payment of Income Tax alleges:

> From on or about December 1998 to on or about March 25, 2000 . . . defendant, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 1993, 1995, 1996 and 1997 by withdrawing funds from his individual retirement account starting in December 1998 and continuing through December 1999 and sequestering the funds in the amount of approximately $1,000,000.00 outside the United States throughout the year of 1999, and by submitting an Offer in Compromise Form 656, which was received on March 25, 2000, by the Internal Revenue Austin Service Center, in which he represented that he was unable to pay his outstanding tax liabilities due to unavailability of assets, and further, that the defendant committed said acts for the purpose of concealing his available assets, as he then and there well knew and believed, there was due and owing, or would be due and owing, to the United States of America a substantial additional tax.
>
> In violation of 26 U.S.C. § 7201.

By his motion, defendant alleges the indictment should be dismissed "[b]ecause the Government carries the burden of proving affirmative acts (acts of commission)" and has alleged "two necessarily distinct, discrete affirmative acts as elements in support of its case-in-chief," *to wit*: (1)the removal of the funds from the retirement account in the years 1998 and 1999 and their subsequent sequestration in an overseas account, and (2) defendant's submission of an allegedly misleading, false Form 656 Offer in Compromise which was received by the IRS in late March, 2000.  Defendant contends these acts of commission occurred at different times and bear no similarities to each other so as to constitute related means of accomplishing the same crime.

Defendant contends the indictment is subject to dismissal because the first separate offense alleged – the removal of retirement funds – is barred by the applicable six-year statute of limitations.  Defendant argues more than six years have elapsed from the latest date of the removal of retirement funds and, thus, prosecution of such act is time barred.  Defendant further argues the Government's allegation of two competing affirmative acts in the indictment permits the jury to return a non-unanimous verdict.  For example, the jury could convict defendant upon a finding that defendant was guilty of one act  –  the removal of funds act – but not guilty of the other act – the false Offer in Compromise act.  Defendant maintains dismissal of the indictment is the proper remedy in this case.

It is the opinion of the undersigned, based on the reasons recited in the government's written response to the instant motion, particularly *United States v. Shorter*, 809 F.2d 54, 257 U.S. App. D.C. 358 (1987),  as well as the arguments of the parties at the June 13, 2006 hearing, that dismissal of the indictment or striking any part of the indictment is not proper.  On its face, the indictment states a violation of Title 26.  The statute of limitations does not begin to run until the time of the last act of evasion – which, in this case, the government alleges occurred March 24, 2000 – and,

thus, the first affirmative act alleged is not time barred. Further, the indictment, as argued by the government, appears to charge a single scheme and does not render the indictment duplicitous. Defendant's motion to dismiss should be denied.

## MOTION TO STRIKE AND/OR REQUIRE GOVERNMENT TO ELECT COUNT ON WHICH IT INTENDS TO PRESENT PROOF

Defendant alternatively argues that if the Court finds dismissal of the indictment is not the proper remedy in this case, that the Court should either: (1) order that the language relating to the 1998-1999 removal of retirement monies and its subsequent sequestration be striken from the indictment as surplusage, or (2) order the Government to elect which affirmative act it will proceed on.

It is the opinion of the undersigned that this issue is more appropriate for the trial judge to determine once trial begins. The evidence actually admitted at trial will control what relief, if any, defendant is entitled to receive. The denial of relief at this pretrial stage is without prejudice to defendant. Defendant should be allowed to reurge this issue and request any relief warranted at trial, or to request the trial judge deliver appropriate jury instructions to ensure unanimity of the jury in its verdict. This ruling does not, of course, limit or bind the trial judge in any manner.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by defendant STEPHEN P. MILLER be DENIED. It is the further RECOMMENDATION of the Magistrate Judge to the District Judge that the Motion to Strike and/or Require Government to Elect Count be DENIED without prejudice at this time.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to forward a copy of this Report and Recommendation to defense counsel and to the Assistant United States Attorney by the most expedient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of June 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to this Report and Recommendation. *See* 28 U.S.C. § 636. This case is set for docket call on Monday, July 10, 2006, and trial on Tuesday, July 11, 2006. All objections must be filed by **4:30 p.m. on Tuesday, June 27, 2006.** Any such objections shall be in writing and shall specifically identify the portions of the findings, conclusions, or recommendation to which objection is made, and set out fully the basis for each objection. Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on the Magistrate Judge and all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions set forth in this report and accepted by the district court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).